JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 2165

-----------------------------------------------------------X
JESUS MANUEL ESPINOZA,

          Plaintiff,

-vs-

PREMIUM BUILDERS, INC., and EDDIE SACHAR,

          Defendants.
-----------------------------------------------------------X

Case No._____

COMPLAINT

Plaintiffs, JESUS MANUEL ESPINOZA by and through his attorneys, THE LAW OFFICE OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows upon information and belief:

## THE PARTIES

1. The Plaintiff JESUS MANUEL ESPINOZA (hereinafter "Espinoza") is an individual residing in the Bronx, New York.

2. Upon information and belief, the Defendant PREMIUM BUILDERS, INC. (hereinafter referred to as "Premium Builders"), is a domestic business corporation.

3. Upon information and belief, the Defendant Premium Builder's principal place of business is located at 1906 Arnow Ave. Bronx, NY 10469.

1

4. Upon information and belief, the Defendant EDDIE SACHAR (hereinafter "Sachar") is an individual whose business address is 1906 Arnow Avenue, Bronx, NY 10469.

5. Upon information and belief, and at all times herein pertinent, the Defendant Sachar served as a principal, officer and/or manager of the defendant Premium Builders.

## *JURISDICTION AND VENUE*

6. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke Supplemental Jurisdiction with respect to their New York State law claims, which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2.

7. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as in at least one of the Defendants reside within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

8. At all times herein pertinent, Defendants were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

9. Upon information and belief, in the calendar year 2011, the gross receipts of the defendant Premium Builders were not less than $500,000.

10. Upon information and belief, in the calendar year 2010, the gross receipts of the defendant Premium Builders were not less than $500,000.

11. Upon information and belief, in the calendar year 2009, the gross receipts of the defendant Premium Builders were not less than $500,000.

12. At all times herein pertinent, the defendant Premium Builders was and is a construction company.

13. Plaintiff was hired by the Defendants in or about 1997 and worked for them up to and including February 18, 2011.

14. Plaintiff was primarily an electrician but was assigned various duties including, but not limited to, carpentry, painting and flooring.

15. Plaintiff's schedule generally consisted of mainly Monday through Saturday with hours from approximately 8am to 4:30 PM. Plaintiff would sometimes be required to start earlier arrival than 8 AM and was sometimes required to work later than 4:30 PM.

16. Plaintiff was subject to various hourly payments during his employment. In the calendar year of 2006 plaintiff was subject to an hourly amount of $17.50 which increased in or about 2007 to $18.50 and decreased in or about 2010 to $15.00.

17. Throughout his employment plaintiff Espinoza has regularly worked for the Defendants in excess of the forty (40) hour work week. However, this Plaintiff never received any premium overtime pay for work performed in excess of the forty-hour work week.

18. At all times herein pertinent, plaintiff performed his duties for the Defendants at the direction and under the control of defendants Sachar.

19. At all times herein pertinent, with respect to the employees of defendant Premium Builders, and more specifically the Plaintiffs herein, the defendant Sachar supervised employees, and made decisions with respect to hiring, firing, hours and wages.

20. At all times herein pertinent, the defendants Sachar acted as Plaintiffs' employer within the meaning of the FLSA and the NYLL.

### AS AND FOR A FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

21. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

22. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

23. The Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime pay at premium rate of one and one half times Plaintiffs' regular rate of pay.

## AS AND FOR A SECOND CAUSE OF ACTION
## STATE WAGE AND HOUR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (OVERTIME)

24. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

25. The Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR §142-2.2 by failing to pay Plaintiff overtime pay at premium rate of one and one half times Plaintiffs' regular rate of pay.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

(a) awarding back pay for overtime pay due and owing to the Plaintiffs;

(b) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(c) awarding the costs and disbursements of this action, along with reasonable attorneys fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(d) awarding any other relief this Court deems just, proper and equitable.


Dated: March 15, 2012
      New York, New York

                                    Respectfully submitted,
                                    LAW OFFICES OF WILLIAM CAFARO

                                    William Cafaro (WC2730)
                                    Attorneys for Plaintiff
                                    19 West 44th Street, Ste. 1500
                                    New York, New York 10036
                                    (212) 583-7400
                                    File No. 52648

To:

PREMIUM BUILDERS, INC.
1906 Arnow Ave.
Bronx, NY 10469

EDDIE SACHAR
1906 Arnow Ave.
Bronx, NY 10469

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JESUS MANUEL ESPINOZA,                                              Case No._____

        Plaintiff,
                                                                                                                                                                     COMPLAINT
   -vs-

PREMIUM BUILDERS, INC., and EDDIE SACHAR,

        Defendants.
------------------------------------------------------------------X

## COMPLAINT

LAW OFFICE OF WILLIAM CAFARO
Attorneys for Plaintiff
19 West 44th Street, Ste. 1500
New York, New York 10036
(212) 583-7400
File No. 52648

7